Tawanna Marie YOUNG,
Plaintiff–Appellant,

v.

AMERITECH/SBC, INC., and Oja Enterprises, Inc. d/b/a Parker Cromwell & Associates, Defendants–Appellees.

No. 02–3299.

United States Court of Appeals,
Seventh Circuit.

Submitted July 23, 2003.*

Decided Nov. 20, 2003.

Rehearing Denied Dec. 16, 2003.

---

* After an examination of the briefs and the record, we have concluded that oral argument is unnecessary. Thus, the appeal is submitted on the briefs and the record. *See* Fed. R.App. P. 34(a)(2).

Tawanna M. Young, pro se, Chicago, IL, for Plaintiff–Appellant.

Grady B. Murdock, Jr., Neal, Murdock & Leroy, Robert H. Brown, Laner, Muchin, Dombrow, Becker, Levin & Tominberg, Chicago, IL, for Defendants–Appellees.

Before ** CUDAHY, and POSNER, Circuit Judges.

## ORDER

Tawanna Marie Young was a temporary mailroom employee at Ameritech, Inc. when, she claims, a coworker called her a "retard" and jokingly stuck a blank address label on her back. Young, an African–American, complained about the incident to a supervisor but says that Ameritech retaliated against her by reducing her pay, reprimanding her for causing disturbances at work, and ultimately firing her just days after she filed a charge of race and sex discrimination with the EEOC. After exhausting her administrative remedies, she sued Ameritech and Oja Enterprises, Inc., the temporary service agency that placed her at Ameritech, alleging discrimination and retaliation in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq.* The district court dismissed the suit against Oja and granted summary judgment to Ameritech. We affirm.

Young began working at Ameritech in August 2000. Her supervisor, Barbara Kuntsman, was pleased with her work and in October asked her to supervise some of the other, newer temporary employees and raised her pay from $10 to $11.50 an hour. At about the same time, Young reported to Kuntsman that a coworker, Joseph Scott, had called her a "retard" and stuck a label on her, but did not suggest that Scott's conduct was motivated by race or sex. Kuntsman reprimanded Scott and directed him to apologize to Young, which he did.

Young contends that Ameritech then began retaliating against her for complaining about Scott. First, she claims that Ameritech lowered her rate of pay back to $10 an hour. Next, she claims that Ameritech threatened to fire her based upon false reports that she was causing disturbances by yelling at coworkers and giving them dirty looks. Finally, she claims Ameritech fired her after she filed a charge of discrimination and retaliation with the EEOC.

After the EEOC issued a right-to-sue letter, Young sued under Title VII. The district court dismissed Oja from the case because Young did not name it in her EEOC charge. As for the discrimination claim against Ameritech, the court granted Ameritech's motion for summary judgment because Young failed to identify any similarly situated employees outside the protected class whom Ameritech treated more favorably and therefore could not establish a *prima facie* case. The court similarly granted summary judgment for Ameritech on her retaliation claim because her complaints about Scott were not the kind of expression protected by Title VII, and because she cannot establish that Ameritech fired her for filing her EEOC charge.

■ Young first challenges the district court's ruling that she did not establish the similarly situated element of a *prima facie*

** The third member of the panel recused himself and did not participate in the consideration of this case, which is being decided by a quorum of the panel. 28 U.S.C. § 46(d).

case of discrimination. She asserts that she established the similarly situated element because Ameritech failed to identify any other temporary employees that it had fired for creating disturbances. But Young, not Ameritech, bears the burden of establishing that a similarly situated employee was treated more favorably than her. *Dyrek v. Garvey*, 334 F.3d 590, 598 (7th Cir.2003). The district court properly determined that Young's failure to identify any such similarly situated employee precluded her from establishing a *prima facie* case of discrimination.

 Young next challenges the district court's grant of summary judgment on her retaliation claim. First, she asserts that the district court erred when it determined that her complaints about Scott calling her a "retard" and sticking a label on her were the not the kind of expression protected under Title VII. But when Young complained to Ameritech about Scott, she never suggested that his harassment was based on race or sex, and therefore her complaints about Scott's behavior did not rise to the level of expression protected under Title VII. *Gleason v. Mesirow Fin., Inc.*, 118 F.3d 1134, 1146–47 (7th Cir.1997). Second, Young asserts that Ameritech's reason for firing her–the repeated reports it received of disturbances she caused–was pretext. She maintains that the short amount of time between when she filed her charge with the EEOC when she was fired establishes pretext. But Ameritech began warning Young that her job was in jeopardy well before she filed her EEOC charge, and therefore her reliance upon temporal proximity is misplaced. *Velasco v. Illinois Dep't of Human Servs.*, 246 F.3d 1010, 1018 (7th Cir.2001).

For the preceding reasons, we AFFIRM the judgment of the district court, and deny Young's motions to expedite the decision in this case as unnecessary.